FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 SEP 27  PM 2: 50

LORETTA G. WHYTE
            CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JERRY SHEPHERD | CIVIL ACTION |
| VERSUS | NO. 05-6616 |
| OCEANEERING INTERNATIONAL, INC. | SECTION M |

ORDER

Before the Court is Defendant's Motion for Partial Summary Judgment which is opposed by Plaintiff and which came for hearing on September 27, 2006, on the briefs. Upon consideration of the Motion, the briefs, and the applicable law, the Court Denies the Motion.

**Facts:**

On May 20, 2005, Plaintiff Jerry Shepherd was employed by Defendant Oceaneering International, Inc. (Oceaneering) as a diver aboard the DSV OCEAN PROJECT repairing damage to the platform as a result of Hurricane Ivan.

Oceaneering was demobilizing a wet-welding habitat which was positioned below the waterline. Shepherd was to remove chains, come-a-longs and other equipment which had previously been used to stabilize the habitat underwater. In the process of removing equipment from a load, while straddling a horizontal cross member of the platform, Shepherd allegedly suffered a herniated disc.

___ Fee_____
___ Process_____
_X_ Dktd_____
___ CtRmDep_____
___ Doc. No_____

Immediately prior to Shepherd's injury, he allegedly radioed his supervisor to inform him that the load on the lift was much heavier than that which was planned and that he had safety concerns. Michael Johnson, Oceaneering's on-site supervisor, allegedly told Shepherd to "get it taken care of."

Oceaneering moves for the Court to hold that the plaintiff is liable for his own negligence, alleging that Shepherd had completed this task multiple times, that he was trained in Oceaneering's Stop Work Program, and that, as rigging supervisor, he should be summarily found to be negligent for his own actions. They allege that Shepherd's failure to rectify a dangerous situation directly caused his own injury.

Shepherd argues that his supervisor was negligent and further that all of these issues must be left to the jury.

**ANALYSIS:**

Oceaneering moves this Court to find that Shepherd is liable for his injuries but that the apportionment of that negligence is a question of fact for the jury. In the facts set forth above, the issue of Shepherd's negligence as well as that of his supervisor is a question of fact. As such, summary judgment is not appropriate. *See* FRCP 56(c)).

**ACCORDINGLY**, Defendant's Motion is **DENIED**.

New Orleans, Louisiana, this 27th day of September, 2006.

Peter Beer
United States District Judge

2